**FILED**

July 01, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

EDGAR GOMEZ-MALDONADO,　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　Petitioner,　　　　　　　　§
　　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　　§　　　NO. SA-26-CV-02887-OLG
　　　　　　　　　　　　　　　　　　§
TODD BLANCHE *et al.*,　　　　　　　§
　　　　　　　　　　　　　　　　　　§
　　　　　Respondents.　　　　　　　§

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Edgar Gomez-Maldonado's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). For the reasons below, Petitioner's request for habeas relief will be granted.

## I.　　BACKGROUND

Based on the record, Petitioner is a citizen of Mexico who was ordered removed from the United States on January 7, 2020, subject to withholding of his removal to Mexico under 8 U.S.C. § 1231(b)(3). (Dkt. No. 1 at 1, 4; Dkt. No. 4 at 3; Dkt. No. 4-1 at 2.) He was released under an Order of Supervision (OSUP) over a year later, on February 23, 2021. (Dkt. No. 1 at 4; Dkt. No. 4 at 3; Dkt. No. 4-1 at 2.)

Petitioner was re-detained by ICE on October 29, 2025, "to execute the removal order" that became administratively final in 2020. (Dkt. No. 4 at 3; *see* Dkt. No. 4-1 at 3.) In November 2025, Respondents, pursuing third-country removal efforts, sent requests for acceptance of Petitioner to Guatemala, Honduras, and El Salvador. (Dkt. No. 4-1 at 3.) Guatemala and Honduras promptly declined; no response has been received from El Salvador, which "is not accepting third country removal applicants." (*Id.*)

On December 12, 2025, Petitioner moved to reopen his immigration proceedings. His motion was granted by an immigration judge on December 31, 2025, but Petitioner ultimately withdrew his request to reopen on January 15, 2026, making his removal order administratively final once again. (Dkt. No. 1 at 5; Dkt. No. 4 at 3; Dkt. No. 4-1 at 3.) In May, ICE sent requests for acceptance of Petitioner to Costa Rica and Ecuador, and there is no indication in the record that either country has responded. (Dkt. No. 4-1 at 4.)

Petitioner now challenges his prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), asserting that his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. No. 1 at 1–2.)[1]

## I.    DISCUSSION

"Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855 (S.D. Tex. 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal," *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished

---

[1]Petitioner nevertheless proceeds to assert six individual claims for relief—under the INA, due process clause, the Administrative Procedure Act, the equal protection clause, the suspension clause, and the *Accardi* doctrine (Dkt. No. 1 at 13–26)—that have no bearing on the instant challenge to prolonged, post-removal order mandatory detention. As such, the Court construes the Petition as asserting the only claim available to Petitioner here, and which he identifies in the beginning of his pleading: a *Zadvydas* claim. (*See id.* at 1–2.)

2

within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

Respondents, counting from January 15, 2026, assert that Petitioner has been detained for a mere five-and-a-half months—i.e., less than the presumptively reasonable six-month period for post-order detention. (Dkt. No. 4 at 4.) Although "nothing in *Zadvydas* precludes a challenge to detention before the presumptive[] . . . period has elapsed," *Villanueva v. Tate*, No. CV-H-25-3364, 2025 WL 2774610, at *9 (S.D. Tex. Sept. 26, 2025), "the *Zadvydas* period is cumulative," *Abuelhawa*, 2025 WL 2937692, at *4 (collecting cases), meaning that Petitioner's pre-OSUP detention and his recent re-detention must be aggregated in calculating whether the presumptive period has expired. Here, Petitioner was detained for approximately 13 months prior to his 2021 OSUP (*see* Dkt. No. 4-1 at 2), and his re-detention since October 29, 2025, has already lasted eight months. The period beginning on January 15, 2026, has lasted five-and-a-half months. The presumptively reasonable period has expired.

Because this case involves a re-detention, it is Respondents' "burden to show a significant likelihood that [Petitioner] may be removed." *Garcia-Aleman v. Thompson*, No. 25-CV-886-OLG-HJB, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025) (quoting *Escalante v. Noem*, No. 25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)), *report and recommendation adopted*, No. 25-CV-886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025); *see* 8 C.F.R. § 241.13(i). But even if it were Petitioner's burden, he has shown "good reason" to believe there is no significant likelihood of removal in the reasonably foreseeable future, such that it would still be Respondents' burden to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701.

3

Because Petitioner's removal to Mexico is subject to withholding, he may not be removed to his country of origin. (*See* Dkt. No. 4-1 at 2–3.) "As a general matter, very few people subject to withholding of removal . . . are removed from the United States." *Garcia-Aleman v. Thompson*, No. 25-CV-886-OLG-HJB, 2025 WL 3534806, at *5 (W.D. Tex. Nov. 24, 2025) (quoting *Puertas-Mendoza v. Bondi*, No. 25-CA-00890-XR, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025) (alterations omitted)), *report and recommendation adopted*, No. 25-CV-00886-OLG, 2025 WL 3532179 (W.D. Tex. Dec. 9, 2025). Petitioner submits that he has been subject to a final order of removal since 2020 and, based on his withholding status, multiple countries' refusals to accept him, and the absence of any concrete pathway to removal, his detention has become indefinite and unlawful. (Dkt. No. 1 at 2.)

Accordingly, Petitioner has shown "good reason" to believe that his removal is not significantly likely in the reasonably foreseeable future, and the burden shifted to Respondents to prove that removal is likely. *See Zadvydas*, 533 U.S. at 701. Respondents merely assert that removal is likely because "ICE is pending a response from Costa Rica and Ecuador." (Dkt. No. 4 at 7.) But Respondents' pending request for third country acceptance, coupled with the ICE officer's similarly cursory statement that "there is a significant likelihood of removal in the reasonably foreseeable future" (Dkt. No. 4-1 at 4), is insufficient to carry their burden. *See Puertas-Mendoza*, 2025 WL 3142089, at *2 (noting that "foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country" and granting habeas petition). The Court will therefore require Petitioner's immediate release.

## II.    CONCLUSION

Based on the foregoing, Petitioner Edgar Gomez-Maldonado's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **GRANTED IN PART** as follows:

4

1.     Respondents must release Petitioner Edgar Gomez-Maldonado (A-200-144-637) from custody, under conditions substantially similar to those contained in his prior OSUP, to a public place on or before **Monday, July 6, 2026**;

2.     Respondents must notify Petitioner's counsel of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release**; and

3.     Respondents must file a status report **within two days thereafter** confirming that Petitioner has been released under conditions of release no more restrictive than those in place before the detention at issue in this case.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover attorney's fees under the Equal Access to Justice Act. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023) ("[T]he EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions."), *cert. denied*, 144 S. Ct. 553 (2024).

Finally, all non-habeas claims are **DISMISSED WITHOUT PREJUDICE**. *See Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief.").

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on July _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

5